
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMA GUIYE,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 08-71968<br><br>Agency No. A096-148-615<br><br>MEMORANDUM[*] |
| DAMA GUIYE,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | No. 09-73515<br><br>Agency No. A096-148-615 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
Seattle, Washington

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS and M. SMITH, Circuit Judges, and HOGAN, District Judge.[**]

Petitioner Dama Guiye, a native and citizen of Mauritania, seeks review of decisions of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") and denying Guiye's motion to reopen. We deny the petitions for review. Because the parties are familiar with the factual and procedural history of these cases, we need not recount it here.

I

The BIA employed the incorrect standard in addressing Guiye's contention that he suffered persecution by "'forces the government is either unable or unwilling to control.'" *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) (quoting *Knezevic v. Ashcroft*, 367 F.3d 1206, 1211 (9th Cir. 2004)). Rather than analyzing the claim under the correct standard, the BIA rejected the claim because the persecution did not occur "by or at the behest of the Mauritanian government."

Normally, that error would require remand. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). However, substantial evidence supports the BIA's conclusion that the alleged harm that Guiye experienced did not rise to the threshold level of harm required to establish persecution within the meaning of the

---

[**] The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

Immigration and Nationality Act. *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Therefore, we cannot say that the BIA erred in concluding that Guiye did not meet the "high standard" of demonstrating that it is "more likely than not" that he will be persecuted on account of a protected ground. *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002) (internal quotation marks omitted). Accordingly, remand is not required in this case.

## II

The BIA did not abuse its discretion in denying Guiye's motion to reopen as untimely filed. Guiye's motion, which was filed almost a year late, could be deemed timely if it alleged "'changed circumstances arising in'" Mauritania. *Azanor v. Ashcroft*, 364 F.3d 1013, 1022 (9th Cir. 2004) (quoting 8 C.F.R. § 3.2(c)(3)(ii)). The evidence submitted by Guiye did not show that circumstances had changed in Mauritania; rather, it further substantiated evidence about country conditions that Guiye had submitted previously. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . *whether circumstances have changed sufficiently* that a petitioner who previously did not have a legitimate claim . . . now" does. (emphasis added)). Therefore, the BIA did not err in denying the motion to reopen.

**PETITIONS DENIED.**

3